UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| MARY BLACKWELL-WILSON, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | 5:19-cv-00273-JMH |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| SYNCHRONY BANK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*

This matter is before the Court on the Plaintiff Mary Blackwell-Wilson's Notice of Voluntary Dismissal of Defendant Credit Clearing House America, Inc., pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), in the above-captioned matter. [DE 28]. This Court construes the Plaintiff's Notice, [*id.*], as a motion for such relief. As this Court has repeatedly held, dismissal of claims against individual parties in an action is not appropriate under Rule 41(a). For the reasons stated herein below, and the Court being otherwise sufficiently advised, the Plaintiff's motion [DE 28] is **DENIED**.

    **I. PROCEDURAL BACKGROUND**

On July 10, 2019, the Plaintiff, Mary Blackwell-Wilson, filed this action against six (7) defendants generally alleging negligence and defamation claims, as well as both negligent and willful violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681. [DE 1]. On August 21, 2019, Blackwell-Wilson filed the

1

instant notice of dismissal of Defendant Credit Clearing House of America, Inc. [DE 28]. Blackwell-Wilson's notice seeks to dismiss all claims against Defendant Credit Clearing House of America, Inc., with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)-(B). [DE 28]. However, the notice/motion does not request disposal of the entire action. For this reason, as discussed below, Blackwell-Wilson's notice/motion must necessarily fail.

## II. Analysis

Here, Plaintiff, Mary Blackwell-Wilson, moved to dismiss using notice of voluntary dismissal under Rule 41(a)(1)(A)(i). Generally, Fed. R. Civ. P. 41(a)(1)(A)(i) allows dismissal of an entire action without court order through a notice of dismissal before an opposing party serves either an answer or motion for summary judgment.

However, in the Sixth Circuit, a plaintiff may only dismiss an "action" using Rule 41(a)(1)(A) and an "action" is interpreted to mean the "entire controversy." *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). While some Circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by Sixth Circuit precedent. *See Preferred Care*, 326 F.R.D. at 464; *see, e.g.*, *Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693-94 (D. Utah 2015) (discussing the circuit split and citing cases). Here, the Plaintiff does not seek dismissal of the entire action, but rather only one defendant.

[DE 28].  As Blackwell-Wilson's notice of dismissal would not extinguish this action as to all defendants, granting Plaintiff's notice/motion under Rule 41 would be inappropriate.

The Sixth Circuit has made clear the appropriate rule under which a party may dismiss a single defendant – Rule 21. *See Taylor*, 286 F.2d at 785 ("we think that [Rule 21] is the one under which any action to eliminate" a single defendant should be taken); *see also Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266(6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008); *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017) ("Rule 21 is the more appropriate rule"); *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012) ("the Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41"); *Warfel v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012).

In filing the subject notice/motion, which seeks to dismiss a single defendant, the Blackwell-Wilson has failed to move under the appropriate Federal Rule of Civil Procedure.  This Court disinclined to construe the joint stipulation/motion under Rule 41 as a motion under Rule 21.  As a result, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Blackwell-

Wilson's Notice/Motion for Voluntary Dismissal [DE 28] be, and hereby is, **DENIED**.

This the 22nd day of August, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge