```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

|  |  |  |
|---|---|---|
| MARY BLACKWELL-WILSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Case No. 5:19-CV-273-JMH |
| SYNCHRONY BANK, *et al.*, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) ) | |

\*\*\*

This matter is before the Court upon the joint stipulation of dismissal with prejudice between the Plaintiff Mary Blackwell-Wilson and Defendant Trans Union, LLC. [DE 45]. These parties stipulate that all matters between them have been settled and that Plaintiff's claims against Trans Union should be dismissed with prejudice. [*Id.*]. The claims against other Defendants will remain. Because the dismissal of claims against a single party is appropriate under Federal Rule of Civil Procedure 21, the Court construes the stipulation as a motion to dismiss under Rule 21. Accordingly, the Parties' Joint Stipulation of Dismissal [DE 45] will be **GRANTED** and the claims against Trans Union, LLC will be **DISMISS WITH PREJUDICE.**

   I.   **PROCEDURAL HISTORY**

1

On July 10, 2019, Plaintiff filed her complaint, alleging that the Defendants were negligent, had committed defamation, and had violated provisions of the Fair Credit Reporting Act. [DE 1]. Subsequently, Trans Union answered on August 7, 2019. [DE 17]. Now, Plaintiff and Trans Union stipulate that all issues between them have been settled and ask the Court to dismiss the claims as to Trans Union with prejudice. [DE 45].

## II.  DISCUSSION

Although the Parties agree to dismiss Trans Union, they do not state under which rule of civil procedure they move for dismissal. Generally, stipulations of dismissal are filed to dismiss an action under Federal Rule of Civil Procedure 41(a). However, Rule 41(a) does not allow a court to dismiss only some, rather than all, of the defendants in a single case. *See United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462 (E.D. Ky. 2018). In the Sixth Circuit, a plaintiff may only dismiss an "action" using Rule 41(a), and an "action" is interpreted to mean the "entire controversy." *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). While some Circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by Sixth Circuit precedent. *See Preferred Care*, 326 F.R.D. at 464; *see, e.g., Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693-94 (D. Utah 2015)(discussing the circuit split and citing cases).

Rule 21, however, may be used for the dismissal of a single defendant.[1] *See Taylor*, 286 F.2d at 785 ("we think that [Rule 21] is the one under which any action to eliminate" a single defendant should be taken); *see also Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003); *United States v. Roberts*, No. 5:19-cv-234-JMH, 2019 WL 6499128, at *2 (E.D. Ky. Dec. 3, 2019); *Wilkerson v. Brakebill*, No. 3:15-cv-435-TAV-CCS, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017)("Rule 21 is the more appropriate rule."); *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012)("the Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41"). Thus, the Court construes the parties' joint stipulation of dismissal as a motion to dismiss a single party under Rule 21.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The rule applies where "no relief is demanded from one or more of the parties joined as defendants," *Letherer*, 328 F.3d at 267. Under Rule 21, Courts must consider prejudice to the nonmoving party. *See Wilkerson*, 2017 WL 401212, at *2. The inquiry overlaps with Rule 41 standards "as guidance in evaluating potential prejudice to the non-movant."

---

[1] The Court has previously informed counsel for Trans Union, LLC that such motions are to be made pursuant to Rule 21. *Cornelius v. Capital One Bank (USA), N.A.*, No. 5:19-CV-207-JMH, at Docket Entry 42 (E.D. Ky. April 28, 2020).

3

*Id.* When determining whether the nonmoving party would suffer "plain legal prejudice," Courts consider: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case; (3) insufficient explanation for the need for dismissal; and (4) whether a motion for summary judgment is pending." *Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

Here, the parties have filed a joint stipulation of dismissal, as result, there is essentially no nonmoving party. Nevertheless, it is clear that neither party will suffer "plain legal prejudice" as a result of dismissal. First, the parties' effort in preparation for trial is likely minimal, since there is no scheduling order in this matter, no trial date, nor has formal discovery begun. Second, there is no indication of a lack of due diligence. On the contrary, it appears the parties have made good faith efforts to engage in settlement discussions.

Finally, as to the last two factors, Plaintiff and Trans Union have sufficiently explained that they have reached a settlement of all claims and there are no motions for summary judgment pending in this action. As such, there is no need to require Trans Union to continue in this action. Furthermore, dismissal will allow Plaintiff to continue engaging in settlement negotiations with the remaining Defendants, and work towards a resolution of this matter.

Accordingly, **IT IS ORDERED** as follows:

4

(1)  The Court construes the parties' Joint Stipulation of Dismissal as to Defendant Trans Union, LLC as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 21;

(2)  The Motion to Dismiss Trans Union, LLC, based on the Joint Stipulation of Dismissal [DE 45] is **GRANTED**;

(3)  All claims against Defendant Trans Union, LLC are **DISMISSED WITH PREJUDICE**;

(4)  This dismissal does not apply to any other Defendants in this matter; and

(5)  Each party shall bear its own costs and attorney's fees.

This the 30th day of April, 2020.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge