```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| MARY BLACKWELL-WILSON, | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | 5:19-CV-273-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SYNCHRONY BANK, *et al.*, | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*

This matter is before the Court on Plaintiff Mary Blackwell-Wilson's Notice of Voluntary Dismissal [DE 50], indicating that all claims against Defendant Equifax Information Services, LLC ("Equifax") may be dismissed with prejudice. The claims against Defendant Synchrony Bank will remain.

Since dismissal of claims against a single party is not appropriate under Federal Rule of Civil Procedure 41, the Court construes the Notice of Voluntary Dismissal [DE 50] as a motion to dismiss under Rule 21. Accordingly, Plaintiff's Notice of Voluntary Dismissal [DE 50] will be **GRANTED** and the claims against Equifax will be **DISMISS WITH PREJUDICE.**

**I.   PROCEDURAL HISTORY**

On July 10, 2019, Plaintiff filed her complaint, alleging that the Defendants were negligent, had committed defamation, and had violated provisions of the Fair Credit Reporting Act. [DE 1].

1

Equifax has not filed an answer or a motion for summary judgment. Now, Plaintiff seeks to dismiss Equifax from this action with prejudice. [DE 50].

## II.   DISCUSSION

Here, Plaintiff notifies the Court that she is dismissing Equifax from this action. However, as this Court has previously explained, Rule 41(a) does not allow a court to dismiss some, but not all, of the defendants in a single case.[1] *See United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462 (E.D. Ky. 2018). In the Sixth Circuit, a plaintiff may only dismiss an "action" using Rule 41(a), and an "action" is interpreted to mean the "entire controversy." *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). While some Circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by Sixth Circuit precedent. *See Preferred Care*, 326 F.R.D. at 464; *see, e.g., Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693-94 (D. Utah 2015) (discussing the circuit split and citing cases).

Rule 21, however, may be used for the dismissal of a single defendant. *See Taylor*, 286 F.2d at 785 ("we think that [Rule 21] is the one under which any action to eliminate" a single defendant

---

[1] The Court has previously informed Plaintiff Mary Blackwell-Wilson that such motion to dismiss a single party are to be brought pursuant to Rule 21. *See* DE 46.

2

should be taken); *see also Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003); *United States v. Roberts*, No. 5:19-cv-234-JMH, 2019 WL 6499128, at *2 (E.D. Ky. Dec. 3, 2019); *Wilkerson v. Brakebill*, No. 3:15-cv-435-TAV-CCS, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017)("Rule 21 is the more appropriate rule."); *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012)("the Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41"). Thus, the Court construes the Notice of Voluntary Dismissal [DE 50] as a motion to dismiss only Equifax under Rule 21.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The rule applies where "no relief is demanded from one or more of the parties joined as defendants," *Letherer*, 328 F.3d at 267. Under Rule 21, Courts must consider prejudice to the nonmoving party. *See Wilkerson*, 2017 WL 401212, at *2. The inquiry overlaps with Rule 41 standards "as guidance in evaluating potential prejudice to the non-movant." *Id.* When determining whether the nonmoving party would suffer "plain legal prejudice," Courts consider: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case; (3) insufficient explanation for the need for dismissal; and (4) whether a motion for summary judgment is pending." *Grover v. Eli*

3

*Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The Court will consider the relevant factors below.

First, Equifax has not filed an answer, so it has likely expended little time and few resources, if any, preparing for trial in this matter. In fact, the Court has yet to entered a scheduling order, so there is no trial date pending in this case. As a result, the first factors supports dismissal.

Second, there is no indicia of any delay or lack of due diligence on the part of Plaintiff in this matter. On the contrary, it appears that Plaintiff is engaging in a good faith attempt to resolve the dispute in a timely manner, which supports dismissal.

Third, Plaintiff provides no explanation for the dismissal of Equifax as a Defendant, so this factor weighs against dismissal under Rule 21.

Fourth, and finally, there is no pending motion for summary judgment in this matter. Thus, the fourth factor weighs in favor of dismissal.

Here, three of the four relevant factors to be considered before dismissal under Rule 21 weigh in favor of dismissal of the claims against Equifax.

Accordingly, **IT IS ORDERED** as follows:

(1)  The Court construes Plaintiff Mary Blackwell-Wilson's Notice of Voluntary Dismissal [DE 50] as a motion to dismiss to dismiss pursuant to Federal Rule of Civil Procedure 21;

(2)  The Motion to Dismiss, based on the Notice of Voluntary Dismissal [DE 50] is **GRANTED**;

(3)  All claims against Defendant Equifax Information Services, LLC are **DISMISSED WITH PREJUDICE**;

(4)  This dismissal does not apply to remaining Defendant Synchrony Bank.

This the 19th day of November, 2020.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge